United States District Court
Eastern District of Michigan
Southern Division

United States of America,

v.

Case No. 22-cr-20433

Hon. Gershwin A. Drain

Douglas Heard,

Defendant.
_____/

**Plea Agreement**

FILED
JUN - 6 2023
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

The United States of America and the defendant, Douglas Heard, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.   Counts of Conviction**

The defendant will plead guilty to Counts 1 and 2 of the superseding indictment. Count 1 charges the defendant with Possession of Methamphetamine with Intent to Distribute under 21 U.S.C. § 841(a)(1). Count 2 charges the defendant with Possession of Fentanyl with Intent to Distribute under 21 U.S.C. § 841(a)(1).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Mandatory 10 years up to life in prison |
|---|---|---|
| | Fine: | Up to $10,000,000 |
| | Term of supervised release: | Mandatory 5 years up to lifetime supervised release |
| Count 2 | Term of imprisonment: | Mandatory 5 years up to 40 years in prison. |
| | Fine: | Up to $4,000,000 |
| | Term of supervised release: | Mandatory 4 years up to lifetime supervised release |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

The defendant understands that he is pleading guilty to at least one count carrying mandatory minimum penalties and that the Court may not impose a sentence on any of those counts below those mandatory minimums.

### 3. Dismissal of Other Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the superseding indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Count 3, Maintaining a Drug Premises, under 21 U.S.C. § 856(a)(1). of the superseding indictment.

### 4. Elements of Count[s] of Conviction

**The elements of Count 1 are:**

a. The defendant knowingly possessed over 500 grams of a mixture and substance containing methamphetamine

b. The defendant intended to distribute the methamphetamine.

**The elements of Count 2 are:**

a. The defendant knowingly possessed over 40 grams of a mixture and substance containing fentanyl,

b. The defendant intended to distribute the fentanyl.

5.  **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

In January 2022 DEA agents were investigating Defendant Heard for his involvement in the purchase of illegal pill making equipment and the manufacture, distribution and possession of counterfeit pills containing controlled substances. On January 11, 2022, Heard left his house in Mount Clemens, Michigan and drove south into Ohio. He was stopped for speeding by Ohio State Highway Patrol Officers. A subsequent search of his truck resulted in the seizure of hundreds of pills that later tested positive for the controlled substance fentanyl and four sealed bags containing marijuana, all of which he had transported from Michigan.

The information regarding the stop and the seizures was reported to DEA Detroit and the Clinton Township Police. Law enforcement officers obtained a search warrant for Heard's house in Mount Clemens, Michigan later that day. The search of Heard's residence resulted in the seizure of an additional 307 blue pills containing fentanyl, 1168

multicolored pills containing methamphetamine, marijuana, cellular telephones, a .556 assault rifle and ammunition and a 9 mm semi-automatic handgun.

At the time Heard possessed the pills seized from his truck and his house on January 11, 2022, he knew the pills contained controlled substances. Further, Heard admits that he intended to deliver the pills to one or more other people.

Heard and the United States agree that the controlled substances seized from his truck and his house on January 11, 2022, as to the blue pills, tested positive for a mixture and substance that contained in excess of 40 grams of fentanyl and as to the multi-colored pills, tested positive for a mixture and substance that contained in excess of 500 grams of methamphetamine.

6. **Advice of Rights**

The defendant has read the superseding indictment, has discussed the charges and possible defenses with his attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant

understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

8. **Safety Valve**

The defendant understands that he will only qualify for the safety valve in 18 U.S.C. § 3553(f) if the Court finds at sentencing that he has satisfied *all* of the requirements in § 3553(f). If the Court finds that the defendant has satisfied all of those requirements, the Court may—but

is not required to—sentence the defendant below the mandatory minimum penalties that would otherwise apply on Counts 1 and 2.

## 9. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b).] If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to defendant's guideline calculations on Counts 1 and 2.

2D1.1(c)(6) – Converted drug weight 1,000 – 3,000 kilograms (fentanyl and methamphetamine). Level 30

2D1.1(c)(12) – Maintaining a premises for drug distribution. +2

The parties have no other joint recommendations as to the defendant's guideline calculation.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual agreements for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 10. Imposition of Sentence

### A. Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing

guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 10.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose the mandatory 5-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 10.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

## D. Fines

The parties have no agreement as to a fine.

## E. Forfeiture

Defendant agrees, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) to forfeit to the United States any property

constituting, or derived from, any proceeds which Defendant obtained, directly or indirectly, as the result of his violation of Counts One and Two of the Superseding Indictment, and any property which Defendant used or intended to be used to in any manner or part to commit or to facilitate the commission of Counts One and Two. Specifically, Defendant's agreement to forfeiture includes, but is not limited to, the forfeiture of his interest to the United States in the following property:

- Del-Ton Inc. .556 assault rifle, SN S138366 rifle w/scope, magazine, and ammunition.

- Glock 20, semi-automatic handgun, SN BNNR401, ammunition and magazine

- Smith and Wesson .40 caliber pistol, SN HPA5878, ammunition and magazine

- 14 rounds of 10mm ammunition.

Defendant agrees to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture of the above referenced property and forfeiture money judgment following Defendant's guilty plea, upon application by the United States as mandated by Fed.R.Crim.P. 32.2. Defendant agrees

that the forfeiture order will become final as to Defendant at the time entered by the Court.

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed.R.Crim.P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise his of his rights with respect to forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J).

Defendant further agrees to hold the United States, its agents and employees, harmless from any claims whatsoever in connection with the seizure and forfeiture of the currency described above.

Defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture

including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**F. Special Assessment**

The defendant understands that he will be required to pay a special assessment of $200 due immediately upon sentencing.

**11. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. The defendant also waives any right he may have to appeal his sentence on any grounds, unless his sentence of imprisonment exceeds the top of the guideline range as determined by the Court (or any applicable mandatory minimum, whichever is greater).

**12. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any

other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**13. Remedies for Withdrawal, Breach, Rejection, or Vacatur**

If the defendant is allowed to withdraw his guilty plea(s) or breaches this agreement, or if the Court rejects this agreement, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the defendant has been permitted to plead guilty to a lesser-included offense, the government may also reinstate any charges or file any additional charges against the defendant for the greater offense, and the defendant waives his double-jeopardy rights with respect to the greater offense. If the government reinstates any charges or files any

additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 14. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 15. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 16. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by noon on June 5, 2023. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

_____
Benjamin Coats
Chief, Drug Task Force
Assistant United States Attorney

_____
John N. O'Brien II
Assistant United States Attorney

Dated: 5/26/2023

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Todd Russell Perkins
Attorney for Defendant

_____
Douglas Heard
Defendant

Dated: 6/4/23