## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 22-cr-20433 |
| | ) | |
| Plaintiff, | ) | HON. GERSHWIN A. DRAIN |
| | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| | ) | |
| DOUGLAS HEARD | ) | |
| | ) | |
| Defendant. | ) | |

_____

## SENTENCING MEMORANDUM and MOTION FOR SAFETY VALVE

## CONSIDERATION

**NOW COMES** Defendant, **DOUGLAS HEARD,** by and through his attorney, **TODD R. PERKINS**, and hereby provides the following **SENTENCING MEMORANDUM** to this Honorable Court for consideration in sentencing for the above captioned matter.

## I. INTRODUCTION

Defendant Douglas Heard comes before this Court a humbled man pleading for relief. Through his plea, he has accepted his role for the crime charged, and expresses to this Court that he is committed to change so that he may continue to pursue his passion and support his family. Mr. Heard is a pillar to those around him, and a lengthy term of incarceration would affect not only Mr. Heard, but his children,

wife, and the community at large. Mr. Heard has support from his family and his community. Leniency is at the discretion of this most Honorable Court, and humbly requests leniency for the reasons stated herein.

## II.   FACTUAL BACKGROUND

On August 24, 2022, Douglas Heard, Defendant, was charged by way of indictment with, with Count 1 – *Possession with the Intent to Distribute a Controlled Substance (Methamphetamine),* in contravention of 21 U.S.C. § 841(a)(1); Count 2 – *Possession with the Intent to Distribute a Controlled Substance (Fentanyl),* in contravention of 21 U.S.C. § 841(a)(1); Count 3 – *Maintaining a Drug House*, in contravention of 21 U.S.C. § 856(a)(1).

On June 6, 2023, Mr. Heard pled guilty to Count 1 – *Possession with the Intent to Distribute a Controlled Substance (Methamphetamine),* in contravention of 21 U.S.C. § 841(a)(1) and Count 2 – *Possession with the Intent to Distribute a Controlled Substance (Fentanyl),* in contravention of 21 U.S.C. § 841(a)(1)l.

Count 1 imposes 120-month mandatory minimum sentence, and Count 2 imposes a 60-month mandatory minimum sentence. Thus, Mr. Heard's guideline sentencing range is 120 – 135 months. However, pursuant to the scoring put forth in Mr. Heard's Presentence Investigation Report, he has been scored at 108 to 135 months.

The Government recommends proposes a sentence of 132 months, however, Mr. Heard believes that Safety Valve is appropriate in the instant case.

## III.  SAFETY VALVE ELIGIBILITY

Pursuant to 18 U.S.C. §3553(f), the following criteria are used to determine if a defendant is "safety valve" eligible:

**(1)** the defendant does not have--
**(A)** more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
**(B)** a prior 3-point offense, as determined under the sentencing guidelines; and
**(C)** a prior 2-point violent offense, as determined under the sentencing guidelines;

**(2)** the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**(3)** the offense did not result in death or serious bodily injury to any person;
**(4)** the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

**(5)** not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Pursuant to 18 U.S.C. §3553(f), the following criteria are used to determine if a defendant is "safety valve" eligible:

**(1)** the defendant does not have--
**(A)** more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
**(B)** a prior 3-point offense, as determined under the sentencing guidelines; and
**(C)** a prior 2-point violent offense, as determined under the sentencing guidelines;

**(2)** the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**(3)** the offense did not result in death or serious bodily injury to any person;
**(4)** the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

**(5)** not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The Sixth Circuit has ruled that to receive the benefit of safety valve "a defendant must meet several criteria, including the requirement that 'the defendant did not use violence or credible threats of violence or *possess a firearm* or other dangerous weapon ... **in connection with the offense**....'" *United States v Moses*, 289 F3d 847,

852 (CA 6, 2002) (emphasis in original) (bolded emphasis added). Thus, a Defendant must show that the firearm in question was more likely than not to not have a connection with the drug offenses. See *Moses*.

In *U.S. v Matos*, 589 F.Supp.2d 121 (D. Mass 2008), the Court held that the application of the safety valve "demands a relationship between the defendant's firearm possession and the crime. Without that nexus, any possession falls outside the scope of the statute." *Matos* at 137. Further, the "mere presence of a firearm in an area where a criminal act occurs is not a sufficient basis for imposing [the] mandatory sentence." *Id.* "Congress could have legislated that mere proximity or mere possession would disqualify a defendant from safety valve relief—but it did not. Instead, the statute requires that the defendant have possessed the weapon "in connection with" the offense, and that is the measure this Court applies." *Id.* at 138. While not controlling, *Matos* gives guidance on what the options are available to the Court. That under the construction of the safety valve, a conviction is not precluded from relief from the mandatory minimum sentencing scheme if a firearm is *merely present* during the commission of a crime.

Other Circuits have come to the same conclusion as the Court in *Matos*. In *U.S. v Carillo-Ayala*, 713 F.3d 82 (11th Cir. 2013), the Court held that "[w]here 'a firearm was possessed' by the defendant personally, and yet the defendant also seeks the protection of the safety valve, the district court must determine whether the facts

of the case show that a 'connection' between the firearm and the offense, though possible, is not probable." *United States v. Carillo-Ayala*, 713 F.3d 82, 91 (11th Cir. 2013).

Accordingly, in an unreported case in the Southern District of Ohio, the Court held that "the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a 924(c) conviction. In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use." *Franklin v. United States*, No. 2:08-CR-186(14), 2013 WL 1346243, at *5 (S.D. Ohio Apr. 2, 2013), *report and recommendation adopted,* No. 2:08-CR-186(14), 2013 WL 1758944 (S.D. Ohio Apr. 24, 2013).

## ARGUMENT

In the present case, the stipulated facts are that pursuant to a traffic stop in Ohio and subsequent search of the vehicle pills containing fentanyl were discovered in the vehicle driven by Mr. Heard. This stop and seizure led the DEA to secure a warrant and search the residence of Mr. Heard in the State of Michigan which led to the discovery of more drugs, an assault rifle, and handgun which were located in Mr. Heard's bedroom. No firearm was recovered from Mr. Heard's person at any time during his arrest, nor was there any report of Mr. Heard possessing a firearm at any time during any illicit activity.

As required by *Moses* and outlined by *Matos* the government has failed to show any nexus between the recovered firearms and the drugs in question besides mere presence. While not controlling, other circuits have held that mere presence is not enough to invalidate the safety valve provisions. See *Carillo-Ayala, supra*; *Franklin, supra*; *Matos, supra*. In denying safety valve relief, a district court must determine if the firearms in question are shown to be connected to the other alleged offenses. See *Franklin, supra*. Again, the stipulated facts are that a search warrant was performed, and narcotics and firearms were recovered, there has not been a nexus that would prevent the relief available to defendant under safety valve provisions. "The safety valve's possession requirement is clear: it requires an intent to control the guns and to possess them in connection with the offense—that is, it requires something more than mere knowledge or access." *Matos* at 132.

In a sentencing proceeding, like the case at bar, the parties labor under a very different standard, with the sentencing judge sitting as fact-finder. *See United States v. Robinson,* 460 F.3d 550, 559 (4th Cir.2006) (noting that whether a defendant possessed a firearm is a factual issue at sentencing); *United States v. Dorsey,* 59 Fed.Appx. 284, 285 (10th Cir.2003) (same).

The Court is not obliged to view the evidence in the light most favorable to the prosecution, nor must it defer to the conclusions of a previous fact-finder. It views the evidence and evaluates its credibility for the first time. As noted above,

the defendant here bears the burden of proving, by a preponderance of the evidence, that he is entitled to a diminution of his sentence pursuant to § 3553(f). *See Matos*, *supra*.

A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to relief under the safety valve. *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir. 2004). In order to do so, he must show that he meets "each and every criterion." *United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). (quotation marks and alteration omitted). If a defendant meets his burden, application of the safety valve is mandatory: a district court is "require[d]" to "sentence a defendant within the guideline applicable guideline range without regard to the statutory minimum sentence." *United States v. Patterson*, 145 F. App'x 988, 990–91 (6th Cir. 2005). Additionally, the Guidelines provide that if a defendant meets the safety-valve criteria set forth in § 5C1.2, his base offense level is decreased by two levels. U.S.S.G. § 2D1.1(b)(17) (2016).

In *United States v. Stewart*, 306 F.3d at 327 n. 19, the Sixth Circuit held that a defendant, as the party seeking a "safety valve" reduction under § 5C1.2(a), has the burden of proving by a preponderance of the evidence that he is entitled to that downward departure. *United States v. Salgado*, 250 F.3d 438, 459 (6th Cir.2001); *Adu*, 82 F.3d at 124. Thus, as one of the eligibility criteria for a "safety valve" reduction, a defendant must prove by a preponderance of the evidence that he "did

not ... possess a firearm ... in connection with the offense." U.S.S.G. § 5C1.2(a)(2). In contrast, to enhance a sentence under § 2D1.1(b)(1), the government must first demonstrate by a preponderance of the evidence that the defendant possessed a firearm "during the commission of a drug-trafficking offense." *United States v. Moses*, 289 F.3d 847, 850 (6th Cir.2002) (treating "during the commission of" as "during the period [or time] of" the drug-trafficking offense). If the government meets this burden, a presumption arises that such possession was "connected to the defendant's offense." *Id*. The defendant may rebut this presumption only by demonstrating "that it is clearly improbable that the ... [firearm] was connected to the offense." *Id*. (emphasis added) (specifying some of the factors in determining "whether a firearm was related to an offense, including the proximity of the firearm to the drugs, the type of firearm involved, whether the firearm was loaded, and any alternative purpose offered to explain the presence of the firearm").

However, the Court concluded that the application of a § 2D1.1(b)(1) sentence enhancement does not necessarily preclude the application of a § 5C1.2(a) "safety valve" reduction. *Id*. A defendant may be unable to prove that it is clearly probable that the firearm was not connected to the offense-the logical equivalent of showing that it is clearly improbable that the firearm was connected to the offense-so as to defeat a § 2D1.1(b)(1) enhancement. See *United States v. Johnson*, 344 F.3d 562, 567 (6th Cir.2003) (referring to this standard in its logically equivalent form).

However, that same defendant may, nevertheless, be able to prove by a preponderance of the evidence that the firearm was not connected to the offense so as to satisfy § 5C1.2(a)(2).

The *Bolka* Court went on to explain:

> [T]he "clearly improbable" standard is a higher quantum of proof than that of the "preponderance of the evidence" standard. See *Moses*, 289 F.3d at 852 (construing a "preponderance of the evidence" as that which is "more likely than not"); *Johnson*, 344 F.3d at 567 (defining the "clearly improbable" § 2D1.1(b)(1) standard as a difficult one that entails more than showing the existence of a "possible innocent explanation" or a mere probability that the firearm was not connected to the offense). It does not deductively follow from a defendant's failure to satisfy a higher quantum of proof on a particular issue that he cannot satisfy a lower quantum of proof on that same issue. It also does not necessarily follow from the existence of a preponderance of evidence demonstrating that a defendant possessed a firearm during the time of the offense-the government's prima facie burden of proof for purposes of a § 2D1.1(b)(1) enhancement that there exists a preponderance of evidence demonstrating such possession in connection with the offense-contrary to the defendant's burden of proof so as to defeat a § 5C1.2(a) reduction. See *Moses*, 289 F.3d at 850. While they are quantitatively the same, these evidentiary standards are qualitatively distinct. Similarly, it does not deductively follow from the presumption that a defendant's possession of a firearm was connected to the offense-arising from a preponderance of evidence demonstrating such possession during the time of the offense-for purposes of a § 2D1.1(b)(1) enhancement that a preponderance of evidence demonstrating such a connection, in fact, exists for purposes of a § 5C1.2(a) reduction. Consequently, a defendant's conduct warranting a § 2D1.1(b)(1) enhancement does not per se preclude that defendant from proving by a preponderance of the evidence that his possession of the firearm was not connected with his offense for purposes of a § 5C1.2 (a) "safety valve" reduction.

*Id.* at 914.

Again, the stipulated facts are that a search warrant was executed on January 11, 2022, and drugs and firearms were recovered. There are no stipulated facts that show a nexus between the firearms and any drug activity. As required by *Moses* and outlined by *Matos* the Government has failed to show any nexus between the recovered firearms and the drugs in question besides mere presence.

In order to qualify for safety valve relief a defendant must comply with all five provisions in § 5C1.2 (a). The only provision that is at question is (a)(2) which states that "the defendant did not… possess a firearm or other dangerous weapon… in connection with the offense."

Applying the four factors set forth by the 6th circuit will show that the firearm found was also not used in connection to our client's overarching drug offense. Admittedly the address where the firearms were found did contain controlled substances, to which Mr. Heard plead guilty to. However, as stated above, there was absolutely no evidence put forth by the People of alleging using any firearm, neither brandishing or to yield power, during the course of any of the conspiracy offense. Thus, Mr. Heard has met his burden, and is eligible for safety valve relief.

## IV.   IMPOSITION OF A SENTENCE PURSUANT TO 18 U.S.C § 3553

Section 3553(a) of Title 18 specifies the factors courts are to consider in imposing a sentence. The list of factors is preceded by what is known as the parsimony principle, a broad command that instructs courts to impose a sentence

sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. A sentencing court is then directed to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to serve the four overarching aims of sentencing. *Dean v United States*, 137 S Ct 1170, 1175; 197 L Ed 2d 490 (2017) (internal citations and quotations omitted). Weighing those factors "is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *United States v Williams*, 807 Fed Appx 505, 509 (CA 6, 2020). The factors enumerated under 18 U.S.C. §3553(a) are as follows:

**a. 18 U.S.C. § 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.**

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v United States*, 552 US 38, 52; 128 S Ct 586, 598; 169 L Ed 2d 445 (2007). "[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing" *Pepper v United States*, 562 US 476, 492; 131 S Ct 1229, 1242; 179 L Ed 2d 196 (2011) (quoting *United States v. Bryson*, 229 F.3d 425, 426 (C.A.2 2000)).

> Section 3661 confirms the all-encompassing scope of the district court's inquiry by providing that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (1988). Thus, the statutory text explicitly reserves to district judges, who have the responsibility of imposing actual sentences on particular defendants, the authority to take into account personal and non-criminal factors in ways that, in Congress's judgment, elude expression as generalizable sentencing directives and which, accordingly, are deemed inappropriate for guideline treatment.
>
> *United States v Davern*, 970 F2d 1490, 1515 (CA 6, 1992) (Jones, N.R. dissenting).

Thus, pursuant to 18 U.S.C. § 3553(a)(1) requires a sentencing judge to take a look beyond the crime as charged and perform a searching analysis to craft a more just sentence. See *Pepper,* supra. An analysis of a defendant's history and characteristics as he comes before the court on the day of sentencing is required. *Id.*

**b. 18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence imposed to: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Congress has instructed sentencing courts to impose sentences that are " 'sufficient, *but not greater than necessary*, to comply with' " (among other things) certain basic objectives, including the need for "just punishment, deterrence,

protection of the public, and rehabilitation." *Holguin-Hernandez v United States*, 140 S Ct 762, 765–66; 206 L Ed 2d 95 (2020). "[A] court may not *impose or lengthen* a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation." *United States v Walker*, 649 F3d 511, 513 (CA 6, 2011) (quoting *Tapia v United States*, 564 US 319, 335; 131 S Ct 2382, 2393 (2011)) (emphasis in original).

"These provisions make clear that a particular purpose may apply differently, or even not at all, depending on the kind of sentence under consideration. For example, a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Tapia* 564 US at 326.

### c. 18 U.S.C. § 3553(a)(3) requires the Court to consider the kinds of sentences available.

§ 3553(a)(3) "directs the judge to consider sentences other than imprisonment." *Gall* 552 US at 59. Thus, unless explicitly prohibited under statute, a Court must consider alternative means to accomplish the objectives of 18 U.S.C. § 3553.

### d. 18 U.S.C. § 3553(a)(4) requires the Court to consider the kinds of sentence and sentencing range as set forth by the guidelines and any violations of probation or supervised release.

Guidelines put forth by the commission are advisory in nature. The "district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," embodied in the applicable Guidelines.

*United States v Taylor*, 648 F3d 417, 428 (CA 6, 2011). Although advisory in nature, the "district court must still give 'respectful consideration,'" to the guidelines set forth by the Commission. *Id.*

    e. **18 U.S.C. § 3553(a)(5) requires the Court to consider any pertinent policy statements issued by the Sentencing Commission.**

    f. **18 U.S.C. § 3553(a)(6) requires the Court to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

    g. **18 U.S.C. § 3553(a)(7) requires the Court to consider the need to provide restitution to victims of the offense.**

**V.   FACTORS APPLIED TO MR. HEARD**

    a. **Application of 18 U.S.C. § 3553(a)(1) to Douglas Heard, which requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.**

Defendant Douglas Heard is a 48 year old transplant to the City of Detroit. Born in Selma, Alabama, Mr. Heard, is one of six siblings raised by both parents in Selma. Father and provider to three children, Mr. Heard has done his best to provide for his family, despite the instant offense. Mr. Heard has no prior criminal record and done his best to lead by example for his family and community. Mr. Heard owns his own trucking and transport company and was in the process of starting another company during the underlying offense. Unfortunately, Mr. Heard has found himself caught up in a series of poor choices, which has ultimately led him to the instant case.

Throughout his life, Mr. Heard has been honest about his misdeeds, and he wishes to impress upon this Court that he remains positive and hopes for change by using his experiences in the criminal justice system to better himself. Mr. Heard recognizes that he has made mistakes, and he continues to take responsibility for same, as shown by his plea in the instant matter. Mr. Heard recognizes the seriousness of the charge against him, but in accepting responsibility, he offers the Court mitigating factors, in his professional potential and familial ties.

   **b. 18 U.S.C. § 3553(a)(2) requires the Court to consider the need for the sentence imposed to: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Unlike 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3553(a)(2) requires that this Court view Defendant as a whole, and craft a just and fair punishment based on the factors seen in § 3553(a)(1). This holistic approach allows this Court to modify a sentence to custom fit a defendant while serving the best interest of the harmed party. It is important for this Court to craft a sentence based on Mr. Heard's history as outlined in Section 3553(a)(1) to craft a "just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez*, supra.

Mr. Heard has a no criminal history and has shown potential to becoming a successful businessman. Based on his history and commitment to family, it is highly

unlikely that Mr. Heard requires more deterrence. The present case represents a lesson to Mr. Heard in how he shall conduct his day-to-day life, within the limits of the law, going forward. Moreover, Mr. Heard understands the very serious nature of the charge that he has accepted responsibility for, and wishes to take those mistakes, learn, and do better.

This Court can accomplish the factors in accordance with § 3553(a)(2) by offering a downward departure from the guidelines as calculated by the Probation Department, that would comply with all the factors, and be crafted to be "just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez*, supra.

### c. Pursuant to 18 U.S.C. § 3553(a)(3), there are other punishments available outside imprisonment this Court must consider

§ 3553(a)(3) "directs the judge to consider sentences other than imprisonment." *Gall* 552 US at 59. This directive, when taken in conjunction with 18 U.S.C. § 3553(a)(1) and 18 U.S.C. § 3553(a)(2), it is imperative that this Court consider a term of imprisonment which is below the guideline range for Mr. Heard[1]. The objective of this Court is justice, and within that frame are the ideas of rehabilitation and recidivism.

---

[1] The defense is seeking relief from the Court to grant safety valve consideration, per the motion that has been filed

Here, Mr. Heard has shown that, at this point, his ability to be rehabilitated is high and his risk recidivism is low, based on his professional potential and commitment to being present for his family. A just sentence for this Court to consider would be one outside of imprisonment that would accomplish all factors put forth by 18 U.S.C. § 3553(a)(1), 18 U.S.C. § 3553(a)(2).

Thus, unless explicitly prohibited under statute, a Court must consider alternative means to accomplish the objectives of 18 U.S.C. § 3553.

**d. 18 U.S.C. § 3553(a)(4) requires the Court to consider the kinds of sentence and sentencing range as set forth by the guidelines and any violations of probation or supervised release.**

Guidelines put forth by the commission are advisory in nature. The "district court may in appropriate cases impose a non-Guidelines sentence based on a disagreement with the Commission's views," embodied in the applicable Guidelines. *United States v Taylor*, 648 F3d 417, 428 (CA 6, 2011). Although advisory in nature, the "district court must still give 'respectful consideration,'" to the guidelines set forth by the Commission. *Id*.

**i. *Possession with the Intent to Distribute a Controlled Substance (Methamphetamine),* in contravention of 21 U.S.C. § 841(a)(1).**

United States Code for *Possession with the Intent to Distribute a Controlled Substance (Methamphetamine),* in contravention of 21 U.S.C. § 841(a)(1) is punishable by a term of incarceration with a floor of ten years. Based on the scoring

assessed by the Probation Department, the Defendant has an applicable guideline range of 108 to 135 months, however, due to the mandatory nature of the crime charged, the applicable guideline range is 120 months to 135 months.

As noted previously, Defendant Heard believes that he is Safety Valve eligible, as the firearms in question had no connection to the instant charges. However, beyond this, sentencing shall be determined by this Honorable Court. To reiterate, mere presence of firearms near alleged drug trafficking does not show a connection to another felony. "[W]here 'a firearm was possessed' by the defendant personally… the district court must determine whether the facts of the case show that ***a 'connection' between the firearm and the offense, though possible, is not probable***." *United_States v Carillo-Ayala*, 713 F3d 82 (CA 11, 2013). (emphasis added)..

Although Mr. Heard may have an applicable guideline range of 120 months to 135 months, guidelines are advisory in nature. *Taylor*, supra. Based on other sentencing factors, specifically the criteria for Safety Valve, this Court may impose a non-guideline sentence which still accomplishes all the other factors put forth by 18 U.S.C. § 3553. *Taylor,* supra.

Mr. Heard understands the severity of the crime he has plead to and is not a person to waste the opportunity that has been placed before him. The harsh reality

has struck close to home for Mr. Heard, as any term of incarceration will lead to significant time away from his family and loss of his businesses.

Further, Mr. Heard has the support of his large family and his community. Those who surround Mr. Heard urge leniency on his behalf due to his character and qualities as a person. His children and partner greatly value his support, and his entire family is hopeful they can continue to count on his day-to-day presence.

Further, Mr. Heard has taken responsibility for his actions. During the investigation for the instant offense, Mr. Heard was respectful and honest, and ultimately pleaded guilty to the crime committed.

## VI.    CONCLUSION AND RELIEF REQUESTED

Defendant Douglas Heard comes before this Court a humbled man pleading for relief.  Through his plea, he has accepted his role in the crime charged.  Further, a term of incarceration would not only affect Mr. Heard, but his partner and family. Leniency is at the discretion of this most Honorable Court. Mr. Heard humbly requests that this Court grant him leniency, and downward depart from the guidelines as prescribed.

Respectfully Submitted,

/s/Todd R. Perkins
Todd R. Perkins
PERKINS LAW GROUP
*Attorneys for Defendant*
615 Griswold, Suite 400
Detroit, Michigan 48226

(313) 964-1702
tperkins@perkinslawgroup.net

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 19, 2023, a Sentencing Memorandum and Motion for Safety Valve Consideration was served on the United States Attorney of record through the Pacer/ECF Electronic Filing System.

Respectfully Submitted,

PERKINS LAW GROUP, PLLC

By:

 /s/Todd Russell Perkins
TODD RUSSELL PERKINS
THE PERKINS LAW GROUP, PLLC